UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

U.S. DISTRICT COURT E.D.N.Y
★ AUG 25 2010 ★
LONG ISLAND OFFICE

---------------------------------------------------------------X

John Hearn

**Plaintiff**

-against-

National Asset Recovery
Service, Inc. and Applied Bank

**Defendant**

Docket No.

**CV 10 3905**

**COMPLAINT AND DEMAND FOR JURY TRIAL**

TRIAL BY JURY DEMANDED

WEXLER, J.
BOYLE, M.

Plaintiff, by his attorney Joseph Mauro, complaining of the Defendant respectfully alleges and shows to the Court as follows:

### I. INTRODUCTION

1. Plaintiff is suing the Defendants because the Defendants have persistently attempted to collect money from the Plaintiff that Plaintiff does not owe; defendants have knowingly reported false and derogatory credit information onto the Plaintiff's credit report in order to extort Plaintiff into paying a debt he does not owe; and the Defendant utilized an automatic telephone dialing system to illegally and persistently call the Plaintiff's cellular telephone, violating the Plaintiff's privacy rights afforded under federal law.

2. This is an action for damages brought by an individual consumer for Defendants' violations of the Federal Fair Credit Reporting Act (15 USC 1681 et seq. hereinafter FCRA); Fair Debt Collection Practices Act, 15 U.S.C. 1692, et seq. (hereinafter "FDCPA"); and the Telephone Consumer Protection Act (TCPA), 47 U.S.C. Section 227 et seq. and New York General Business Law.

## II. JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under 15 U.S.C Section 1692k (d), 15 U.S.C. Section 1681 (p); 28 U.S.C Section 1331 and or 18 U.S.C. Section 1337; and supplemental jurisdiction exists for state law claims and the TCPA claims pursuant to 28 U.S.C. Section 1367 as these claims are predicated upon the same facts and circumstances that give rise to the federal causes of action. Additionally, the Court has jurisdiction based upon the provisions of 28 USC Sec. 1332 in that there exists complete diversity of citizenship between the Plaintiff and the Defendant and the amount in controversy exceeds $75,000.00 exclusive of interest and costs. Declaratory relief is available pursuant to 28 U.S.C. Section 2201, 2202 and New York State law. Injunctive relief is available pursuant to New York State law. Venue in this District is proper in that the Defendant transacts business here; the Defendant is located here; and the conduct that is the subject of this complaint occurred here.

## III. PARTIES

4. Plaintiff, JOHN HEARN, is a natural person residing in the State of New York. Plaintiff is a consumer as defined by the FCRA and FDCPA.

5. Defendant NATIONAL ASSET RECOVERY SERVICES, INC. (hereinafter "NARS") is a business engaged in collecting debts in this state with its principal place of business located in the state of Missouri. The principal purpose of Defendant is the collection of debts, and Defendant regularly attempts to collect debts alleged to be due

another. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. Section 1692a(6).

6. Defendant APPLIED BANK (APPLIED) is a Bank with its primary place of business in Wilmington Delaware. APPLIED is a furnisher of information as contemplated by FCRA section 1681 s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

7. The alleged debt of Plaintiff was incurred for personal, family, or household services in that the debt is for a personal credit cards utilized by the Plaintiff to purchase products and services for himself.

8. At all times relevant to this complaint, the Plaintiff was and is a "person" as defined by the TCPA 47 U.S.C. Section 153 (32).

9. At all times relevant to this complaint, the Defendants owned, operated, and or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. Section 153(14) that originated, routed, and/or terminated telecommunications.

10. The Defendants at all times relevant to the complaint herein engages in "telecommunications" defined by the TCPA 47 U.S.C. Section 153(43).

11. The Defendants at all times relevant to the complaint herein engages in "interstate communications" by the TCPA 47 U.S.C. Section 153(22).

12. At all times relevant to this complaint, the Defendants have used, controlled, and/or operated "wire communications" as defined by the TCPA 47 U.S.C. Section 153(52), that existed as instrumentalities of interstate and intrastate commerce.

13. At all times relevant to this complaint, the Defendants have used, controlled, and/or operated "automatic telephone dialing systems" as defined by the TCPA 47 U.S.C. Section 227(a)(1) and 47 C.F.R. 64.1200 (f) (1).

14. The acts of the Defendants alleged herein were conducted by its employees acting within the scope of their actual or apparent authority.

## IV. FACTUAL ALLEGATIONS

15. Plaintiff repeats paragraphs "1" through "14" as if fully restated herein.

16. The Plaintiff opened two credit cards with a company called Cross Country Bank. At some point unknown to Plaintiff, Defendant Applied claims to have acquired the right to collect the Cross Country credit cards

17. In July 2008 the Plaintiff settled both of his Cross Country Bank credit cards by entering into a settlement with Applied. In July 2008, the Plaintiff made the payments called for under the settlement, and the debts were resolved.

18. Notwithstanding the Plaintiff's settlement of the credit cards, the Defendant Applied falsely reported to national credit reporting agencies that the Plaintiff was delinquent in the payment of these credit cards.

19. In or around November 2008, the Plaintiff sent a letter to Applied demanding that Applied correct the erroneous credit reporting. Defendant Applied did not correct the error and continued to report erroneous credit information about the Plaintiff.

20. At some point unknown to Plaintiff, Defendant Applied then hired Defendant NARS to attempt to collect the credit cards from Plaintiff.

21. Within the one year immediately preceding the filing of this action, utilizing an automated telephone dialing system, Defendant NARS telephoned the Plaintiff's cellular phone repeatedly and continuously in an attempt to collect the alleged debt.

22. After seeing the telephone number of Defendant NARS on his telephone caller ID unit, Plaintiff telephoned NARS. After learning the name of the caller and purpose for the repeated phone calls, the Plaintiff informed NARS that the Plaintiff did not owe the alleged debts. The Plaintiff informed National Asset that the debts had been paid. During said phone call, the representative of National Asset did not give the notices required by 15 USC 1692d(11).

23. Notwithstanding the Plaintiff informing NARS that the debts had been paid, and without conducting any further investigation with Applied Bank, NARS continued to telephone the Plaintiff's cellular phone. NARS continuously telephoned the Plaintiff's cellular phone while having knowledge that the Plaintiff already paid the alleged debt. Defendant continued such calls for the purpose of harassing the Plaintiff so as to pressure the Plaintiff into paying a debt he did not owe.

24. At some point unknown to the Plaintiff, NARS returned the debts to Defendant Applied Bank. At the time that National Asset returned the debt to Applied Bank, NARS did not inform Applied Bank that the Plaintiff had disputed the alleged debt.

25. Applied Bank then continued to report to the credit reporting agencies that the Plaintiff owed the alleged debts, and Applied Bank failed to even note that the Plaintiff disputed the alleged debts.

26. In July 2009, the Plaintiff sent letters to the national credit reporting agencies, Experian, Trans Union, and Equifax, disputing the illegal credit reporting. Notwithstanding

their knowledge that the debts had been settled, Defendant Applied continued to report the false information. Defendant failed to even inform the credit reporting agencies that Plaintiff disputed the alleged debts.

27. Then notwithstanding their knowledge that the alleged debt had been resolved, Defendant Applied then hired a new debt collector to harass the Plaintiff.

28. Defendant NARS never sent the Plaintiff the notices required by 15 USC 1692g.

## V. CAUSES OF ACTION UNDER THE FEDERAL FAIR CREDIT REPORTING ACT

29. Plaintiff repeats the foregoing paragraphs as if fully restated herein.

30. Defendant APPLIED furnishes credit information to the national credit reporting agencies and thus have duties under the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq.

31. In July 2009, Plaintiff disputed the credit information that Defendant Applied was reporting about him the three major credit reporting agencies (CRA's): Experian, Trans Union, and Equifax. Plaintiff forwarded said disputes to the credit reporting agencies, who forwarded such dispute to Applied. Upon receipt of Plaintiff's dispute to the CRA's in July 2009, Defendant was under a duty to perform a reasonable investigation with respect to the disputed information pursuant to 15 U.S.C. § 1681s-2(a) and 15 U.S.C. § 1681s-2(b) of the Fair Credit Reporting Act. Defendant failed to perform a reasonable investigation of the Plaintiff's disputes and "verified" to the CRA's that the erroneous credit information should continue to appear in the Plaintiff's credit file. Defendant's

actions as alleged herein constitute a negligent and/or willful violation of the Fair Credit Reporting Act.

32. Pursuant to 15 U.S.C. § 1681o of the Fair Credit Reporting Act, the Defendant's actions in negligently violating the Fair Credit Reporting Act entitle the Plaintiff to recovery of his actual damages as well as attorneys' fees and costs. In addition, the Defendant's actions in willfully violating the Fair Credit Reporting Act entitle the Plaintiff to the recovery of actual damages, statutory damages, punitive damages, attorneys' fees and costs, pursuant to 15 U.S.C. § 1681n.

33. The illegal credit information reported by the Defendants to the CRA's was published to numerous potential credit grantors, causing the Plaintiff's to lose credit opportunities.

34. Defendant is liable to Plaintiff for damages specified in 15 U.S.C. Section 1681n.

35. Defendant is liable to Plaintiff for damages specified in 15 U.S.C. Section 1681o.

36. Defendant's illegal credit reporting was clearly willful as the Defendant was well aware that the Plaintiff had settled the alleged debts, and the Defendant's reporting failed to even note that the Plaintiff disputed the alleged debts.

## VI. **CAUSES OF ACTION UNDER THE FDCPA**

37. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

38. The acts and omissions of the Defendant National Asset as described herein violate several provisions of the FDCPA including but not limited to the following:

    A. Defendant violated 15 U.S.C Section 1692e;

    B. Defendant violated 15 U.S.C Section 1692e (2);

    C. Defendant violated 15 U.S.C. Section 1692e(5);

    D. Defendant violated 15 U.S.C. Section 1692e(8);

    E. Defendant violated 15 U.S.C. Section 1692e(10)

    F. Defendant violated 15 U.S.C. Section 1692e(11)

    G. Defendant violated 15 U.S.C. Section 1692d(5)

    H. Defendant violated 15 U.S.C. Section 1692d(6)

    I. Defendant violated 15 U.S.C. Section 1692g(a)

    J. .Defendant violated 15 U.S.C. Section 1692g(b)

## VII. CAUSES OF ACTION UNDER NEW YORK GENERAL BUSINESS LAW

39. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

40. Defendant's actions as detailed above violate the New York General Business Law Section 349 et seq. Defendant's violations include, but are not limited to the following:

    A. Defendant Applied reported false credit information about Plaintiff onto the credit report of Plaintiff.

    B. Defendants falsely represented that the Plaintiff owed the alleged debt;

    C. Defendants knowingly reported false credit information about the Plaintiffs to the CRA's Experian; and

    D. Defendants attempted to collect a debt from Plaintiff that Defendants knew the Plaintiff did not owe.

41. Plaintiffs have suffered damages based upon the Defendant's deceptive practices in that amongst other damage, the Plaintiffs have suffered a negative impact on his credit reports proximately caused by the Defendant's illegal practices; humiliation; loss of time and pecuniary loss related to Plaintiffs' attempts to thwart the Defendants illegal practices.

42. On information and belief, it is the regular business practice of Defendant APPLIED to report false derogatory credit information onto the credit report of consumers as a means to pressure the alleged debtor.  On information and belief, Defendant has engaged in such a deceptive practice aimed at other New York consumers. Defendant's actions have a broad impact on New York consumers at large.

43. Plaintiff requests that Defendant Applied be enjoined from reporting derogatory credit information onto the credit report of Plaintiff without noting that the Plaintiff disputes the alleged debts.

## VIII.  CAUSES OF ACTION UNDER THE TELEPHONE CONSUMER PROTECTION ACT

44. Plaintiff repeats and re-alleges and incorporates by reference to the foregoing paragraphs.

45. Within the one year immediately preceding the filing of this complaint, , the Defendant NARS made numerous calls to the Plaintiffs' cellular telephone service using any automatic telephone dialing system in violation of the TCPA, 47 U.S.C. Section 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

46. Within the one year immediately preceding the filing of this complaint, , the Defendant NARS made numerous calls to the Plaintiff's cellular telephone and delivered an artificial/prerecorded voice to deliver a message to the Plaintiffs in violation of the TCPA, 47 U.S.C. Section 227(b)(1)(A)(iii), and 47 C.F.R. 64.1200 (a)(1)(iii).

47. The acts and/or omissions of Defendant at all times material and relevant hereto, as describe in this complaint, were done unfairly, unlawfully, intentionally, deceptively and fraudulently with the express and sole purpose of unfairly, unlawfully, intentionally, deceptively and fraudulently coercing Plaintiff to pay the alleged debt and to harass the Plaintiff.

48. The acts and or omissions of the Defendant at all times material and relevant hereto, as described in this complaint, were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

49. As a causally-direct and legally proximate result of the above violations of the TCPA, the Defendant at all times material and relevant hereto, as described in this complaint, caused the Plaintiff to sustain damages as a result of their innumerable telephone calls that harassed, annoyed, and abused Plaintiff, and disturbed Plaintiff's peace and tranquility at home and elsewhere. The Defendant invaded the privacy of the Plaintiff.

50. As a causally-direct and legally proximate result of the above violations of the TCPA and the C.F.R., the Defendant at all times material and relevant hereto, as described in this complaint, caused the Plaintiff to sustain damages and experience emotional distress.

51. The Defendant did not have the prior express consent of Plaintiff to use an automatic telephone dialing system to call the Plaintiff's cellular telephone.

52. The Defendant did not have the prior express consent of either Plaintiff to use an artificial or pre-recorded voice to telephone the Plaintiff's cellular telephone.

53. The Defendant made such calls willfully, and in direct contradiction to the Plaintiff's informing Defendant that he did not owe the alleged debts.

54. None of Defendant's telephone calls placed to Plaintiff were for "emergency purposes" as specified in 47 U.S.C § 227 (b)(1)(A).

55. Under the 47 U.S.C. Section 227 b (3)(B), the Plaintiff is entitled to statutory damages under the TCPA of $500.00 per phone call made to Plaintiff.

56. The Defendant willfully and knowingly violated the TCPA, and as such the Plaintiff is entitled to $1,500.00 per phone call made to the Plaintiff pursuant to the 47 U.S.C. Section 227 b (3).

57. The Defendant made at least 50 calls to the Plaintiff's cellular telephone in violation of the TCPA and C.F.R. as described herein.

**WHEREFORE,** Plaintiffs respectfully requests that judgment be entered against Defendant, for the following:

1. Declaratory judgment that the Plaintiff does not owe the alleged debt;

2. Injunctive relief prohibiting the Defendant from reporting the alleged debt onto the credit report of Plaintiff without at least noting the Plaintiff's dispute;.

3. Actual damages under the FDCPA; FCRA, GBL, and TCPA ;

4. Statutory damages under the FDCPA; FCRA, GBL, and TCPA.

5. Costs and reasonable attorney's fees under the FDCPA; FCRA; GBL; and TCPA

6. Punitive damages under the FCRA and GBL.

7. Treble damages under the TCPA and the GBL.

8. For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

Joseph Mauro (8295)
306 McCall Ave.
West Islip, NY 11795
631-669-0921
631-669-5071 (fax)

## DEMAND FOR JURY TRIAL

Please take notice that plaintiff demands trial by jury in this action.

_____
Attorney for Plaintiff